UNITED STATES of America,
Appellee,

v.

Andrew Wayne KINNEY, Appellant.

No. 25858.

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1970.

Jo Ann D. Diamos, Tucson, Ariz., for appellant.

Richard K. Burke, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before KOELSCH, BROWNING and KILKENNY, Circuit Judges.

PER CURIAM:

Andrew Wayne Kinney, an Indian, appeals from a judgment determining him to be a juvenile delinquent (18 U.S.C. § 5031), in that he committed the crime of burglary, as defined by Arizona law, within the boundaries of the San Carlos Apache Indian Reservation in Arizona (18 U.S.C. § 1153).

Kinney does not attack the sufficiency of the evidence to sustain the court's finding of delinquency, but confines his assignment of errors to the court's rulings on the admission of evidence. His principal complaint goes to the admission of testimony concerning incriminating statements which he, Kinney, made to Wilke Nash and McKinsey Smith, when they apprehended him the day after the burglary. At that time Kinney was wearing a pair of boots and carrying a jacket that were taken in the burglary; but, as Kinney points out, bare possession of recently stolen goods, while sufficient to support an inference of larceny, is ordinarily not prima facie proof of burglary—there must be some evidence of guilty conduct besides the bare possession of the stolen property before the presumption of burglary is superadded to that of the larceny. Kinney's argument is that testimony concerning the incriminating statements was not admissible because the statements were coerced and because neither Nash nor Smith gave him a warning, as required by Miranda v. Arizona, 384 U.S. 436, 86

S.Ct. 1602, 16 L.Ed.2d 694 (1966) before the questioning; that since the incriminating statements, together with the evidence of possession, constituted the government's sole proof, the court's ruling, admitting the testimony, was prejudicially erroneous.

■ Granting Kinney's major premises,[1] his minor premise is not borne out by the record: The government's evidence was not limited to the incriminating statements. To the contrary, the government adduced proof that Kinney, after being accused of the burglary, broke from Smith's custody and fled. This fact in itself, and separate and apart from Kinney's possession of the recently stolen property, would constitute some evidence that Kinney was the burglar, but when that fact is combined with his possession of the property, the evidence of guilt is beyond question.

■ The case, of course, was tried without the interposition of a jury (18 U.S.C. § 5033); from the colloquy between court and counsel following submission it appears that the court relied upon the proof of flight as the factual predicate for its ultimate conclusion. Thus, even if the evidence of the statements should not have been admitted, we are satisfied that the error was harmless.

Kinney's remaining points do not merit discussion.

Judgment affirmed.

1. We should perhaps note that the court conducted a hearing on the issue of whether or not the statements were voluntary and found, on substantial evidence, that they were not the product of coercion; and that with respect to the *Miranda* objection, Kinney's attorney took the position that the *Miranda* rule extends to private persons who make citizens arrests. But see the Supreme Court's statement in *Miranda* at page 444 of 384 U.S., at page 1612 of 86 S.Ct.:

"By custodial interrogation, we mean questioning initiated by law enforcement officers * * *."

The Second Circuit recently in United States v. Antonelli, (2d Cir. 1970) interpreted literally this statement and held that no *Miranda* warning was required of private security guards. See also: State v. Lombardo, 104 Ariz. 598, 457 P.2d 275, in which the Arizona Supreme Court construed *Miranda* as not applicable to persons "acting in a private capacity and not as law enforcement officers."